## MAGNOLIA COMPRESS & WAREHOUSE CO. et al. v. MAJOR, CLEAVER & CO.

### No. 9828.

Court of Civil Appeals of Texas. Galveston. Jan. 20, 1933.

Rehearing Denied Feb. 3, 1933.

Boyles, Brown & Scott, Pat N. Fahey, Boyles, Scott & Fahey, all of Houston, for appellants.

Franklin & Blankenbecker, of Houston, for appellee.

PLEASANTS, C. J.

This is a suit by appellees to recover from appellants the sum of $2,287.74. The petition alleges, in substance, that appellees were customers of appellant Magnolia Compress & Warehouse Company, and had a cotton storage or concentration contract with it, under which they were entitled to have returned to them all "loose cotton" on a pro rata basis; that a committee of other customers of Magnolia Compress & Warehouse Company undertook to allow and did allow Magnolia Compress & Warehouse Company 6 cents per bale on all cotton stored or concentrated during the term of their contract in order to cover an estimated loss sustained by the warehouse company by reason of the latter not getting any of said "loose cotton"; that out of the proceeds of the sale of the "loose" the "loose committee" paid said 6 cents per bale to appellants on their demand for same; that appellees had stored 38,129 bales of cotton, and 6 cents a bale on this number of bales amount-

ed to $2,287.74, which was paid over to appellant the State National Bank, and that same belonged to appellees; and appellees sue for this $2,287.74 as money had and received.

Plaintiffs further alleged that the appellant warehouse corporation had dissolved and filed with the secretary of state its agreement or articles of dissolution and appellant State National Bank had been duly constituted the liquidating agent for the corporation.

The defendants answered by general demurrer and general denial.

The trial in the court below without a jury resulted in a judgment in favor of plaintiffs against both defendants for the $2,287.74, with 6 per cent. interest thereon. The court further adjudged and decreed: "That said sum of Two Thousand Two Hundred Eighty Seven and 74/100 Dollars ($2,287.74) was improperly paid to the said State National Bank as such liquidating agent or trustee and that said defendant State National Bank holds said funds as Trustee of these plaintiffs and that said fund constitutes no part of the assets of the Magnolia Compress & Warehouse Company or of the said bank as liquidating agent of said company."

There is no issue of fact presented by the record. The undisputed evidence shows that the written contract made by appellant corporation with the appellee firm, and upon which the suit is based, provided that all "loose" (or waste) cotton accumulating in the appellant's warehouse should, while appellee's cotton was stored therein, be returned to appellee on a pro rata basis with the other customers who might have cotton stored in the warehouse during the same time. Appellee knew when this contract was made that a loose cotton committee would be appointed or chosen by the other customers who used appellant's warehouse concurrently with appellee, and that the duty of this committee was to collect and dispose of such loose cotton. Appellee did not participate in the selection of the committee, but such committee was appointed, and, acting for all of the customers, made a contract with the appellant corporation to pay it 6 cents per pound for all of the loose cotton saved and disposed of by the committee. Appellee's pro rata share of the amount due the appellant corporation by this committee under its contract was $2,287.74. This amount was without appellee's consent turned over to appellant state bank, the liquidating agent of the dissolved corporation, who refused to pay it to appellee.

Upon this state of the evidence no other judgment than that rendered by the trial court could have been properly rendered.

Having reached this conclusion, it is un-

necessary to set out and discuss the several propositions presented in appellants' brief. We have considered all of these propositions, and in our opinion none of them can be sustained.

It follows that the judgment should be affirmed, and it has been so ordered.

Affirmed.

### On Motion for Rehearing.

After due consideration of appellants' motion for rehearing, we adhere to the conclusions expressed in our original opinion, and the motion must be refused.

In answer to appellants' motion for rehearing, counsel for appellee complains of the statement in our original opinion to the effect that the contract sued on by appellee provides, "that all loose. (or waste) cotton accumulated in appellant's warehouse should, while appellee's cotton was stored therein, be returned to appellee upon a pro rata basis with the other customers who might have cotton stored in the warehouse during the same time." The complaint is that the contract does not contain the words "with other customers." This is true. The contract simply provides that "all loose cotton to be returned to you on a pro rata basis." It is impossible for us to understand how the amount of the loose cotton could be returned. to appellee on a pro rata basis, other than to give appellee his proportionate share of all the loose cotton which accumulated in the warehouse during the time appellee's cotton was stored therein, and this is the obvious meaning and effect of the statement in our opinion. The opinion did not purport to quote the exact language of the contract, but to give its substance and effect, and we do not think we failed to do this.